## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| TERESA SAVAGE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Action No. CV-12-S-09-NW** |
| | ) |
| RCHP-FLORENCE, LLC, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Teresa Savage, asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981, against RCHP-Florence, LLC, doing business as Eliza Coffee Memorial Hospital, her former employer, for race-based discrimination in the termination of her employment.[1]  The case currently is before the court on defendant's motion for summary judgment[2] and defendant's motion to strike a factual assertion in plaintiff's response to its motion for summary judgment.[3]  Upon consideration of the motions, briefs, and evidence, the court concludes that the motion to strike should be granted, and the motion for summary judgment should be denied.

## I. STANDARD OF REVIEW

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 15.

[3] Doc. no. 20.

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) (alteration supplied). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. MOTION TO STRIKE

Plaintiff testified during her deposition that Stephanie Wallace, a Caucasian Nurse Manager and plaintiff's second-line supervisor, made racial slurs about plaintiff's daughters. Specifically, plaintiff had posted a comment on one daughter's Facebook page about both daughters traveling to Hamilton, Alabama, to provide assistance after the April 27, 2011 tornadoes. The comment concerned how plaintiff's daughters had been treated by the "white people" in Hamilton. A co-worker, whom plaintiff could identify only by the first name "Teresa," told plaintiff that she heard Stephanie Wallace say, in response to the Facebook post, that "the niggers shouldn't have come up there." Plaintiff never confronted Wallace about that comment; she never personally heard Wallace use any racial slurs; and she never heard any other reports from anyone else about Wallace using racial slurs.[4] Plaintiff relies upon that deposition testimony in her response to defendant's motion for summary judgment, as evidence that Wallace — who she argues actually made, or at

---

[4] Defendant's evidentiary submission, Exhibit 1 (Deposition of Teresa Savage), at 37, 198-200.

3

least heavily influenced, the decision to terminate her employment, and who also hired a white male as plaintiff's replacement — harbored racial animus.[5]

Defendant has moved to strike all references in plaintiff's response brief to Wallace calling plaintiff's daughters "niggers."[6]  Defendant asserts that Wallace's alleged statement "is double hearsay (*i.e.*, what Wallace allegedly told Teresa (LNU), and what Teresa allegedly told Plaintiff), and is inadmissible and cannot be considered for purposes of summary judgment."[7]  *See* Fed. R. Evid. 801(c) (defining hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); Fed. R. Evid. 802 (providing that hearsay is not admissible unless an exception applies); Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

The court does not agree with defendant that the statement is *double* hearsay. Wallace's alleged statement to "Teresa" — *i.e.,* that plaintiff's children should not have gone to Hamilton to assist tornado victims — is not being offered to prove the truth of the matter asserted — *i.e.,* that the young ladies, in fact, should not have made

---

[5] *See* doc. no. 19 (plaintiff's response brief), at 2, 15, 21.

[6] *See* doc. no. 20.

[7] *Id.* ¶ 3.

4

the trip.   Instead, that statement is being offered to demonstrate Wallace's discriminatory animus.   Teresa's subsequent statement to plaintiff, on the other hand, *is* being offered to prove the truth of the matter asserted herein.   Teresa told plaintiff that Wallace said, "the niggers shouldn't have come up there," and plaintiff is attempting to offer the statement to prove that Wallace did, in fact, say that.   Teresa's statement to plaintiff is, therefore, hearsay.

Implicitly conceding that point, plaintiff argues that the court should "allow the co-worker's statement to be considered at summary judgment because there is no reason to conclude as a matter of law that the evidence could not be presented in admissible form at trial through the co-worker's testimony."[8]   To the contrary, the court does not see any reason why the evidence *could be* presented in admissible form at trial.   Plaintiff has not even identified Teresa's last name, and defendant represents that plaintiff did not disclose Teresa as a witness in her initial disclosures.[9]   It would be extremely difficult for plaintiff to convince the court to allow her to call a witness at trial who had not previously been identified in any pre-trial disclosures.

As the statement made by the co-worker identified only as "Teresa" is an out-

---

[8] Doc. no. 22 (plaintiff's response to motion to strike), at 4.

[9] *See* doc. no. 24 (defendant's reply brief on motion to strike), at 4.   Initial disclosures are not filed with the court, so the court cannot verify this assertion but must instead accept it as the representation of an officer of the court who would be subject to sanctions for making a misrepresentation.

of-court statement being offered to prove the truth of the matter asserted therein, and there is no reasonable way for the statement to be submitted in admissible form at trial, it will be stricken and will not be considered on summary judgment.

## III. DISCUSSION OF SUMMARY JUDGMENT MOTION

After a careful review of the parties' briefs and evidentiary submissions, the court concludes there are genuine issues of material fact with regard to who made the ultimate decision to terminate plaintiff's employment, and with regard to whether plaintiff was provided with the same opportunity as other nurses to remediate the failing test score that led to the termination of her employment.  Plaintiff has thus created fact issues with regard to both her satisfaction of the *prima facie* case for race discrimination in employment, and her assertion that defendant's proffered legitimate, non-discriminatory reasons for the decision were a mere pretext for discrimination. Those fact issues must be resolved by a jury, and defendant's motion for summary judgment consequently must be denied.

## IV. CONCLUSION AND ORDERS

In accordance with the foregoing, defendant's motion to strike is GRANTED. It is ORDERED that all references to statements by plaintiff's co-worker "Teresa" that Teresa heard Stephanie Wallace say, in reference to plaintiff's daughters, that "the niggers shouldn't have come up there," shall be stricken from the record.  No

such statements have been considered in connection with defendant's motion for summary judgment, and none will be permitted at trial.

Defendant's motion for summary judgment is DENIED.  This case will be set for pre-trial conference and trial by separate order.

DONE this 20th day of June, 2013.

_____
United States District Judge